El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
La controversia que se nos presenta en el caso de autos es novel: ¿tiene derecho una persona que se autoproclama candidato por nominación directa (write-in) a tener obser-vadores en los colegios de votación durante una elección general? Determinamos que la contestación a tal interro-gante, conforme al Derecho puertorriqueño, es en la negativa.
I
El recurrido, José L. Rivera Guerra, fue electo en los pasados comicios como Representante a la Cámara por el Distrito 17 de Aguadilla-Moca, bajo la insignia del Partido *232 Nuevo Progresista (PNP). Sin embargo, para las elecciones que se celebrarán el próximo 6 de noviembre de 2012, el recurrido no podrá participar como candidato del PNP, pues ese partido solicitó y obtuvo el remedio de descalifica-ción para que no pudiera aparecer como candidato bajo su insignia. En vista de lo anterior, el recurrido anunció pú-blicamente su intención de aspirar al cargo por el distrito que en la actualidad representa mediante el proceso de nominación directa {write-in).
Para poder recibir las aportaciones necesarias para fi-nanciar su campaña, el recurrido solicitó y obtuvo de la Oficina del Contralor Electoral de Puerto Rico una certifi-cación registrando como comité político el “Comité José Luis Rivera Guerra ‘Write-In’ ”. A finales del mes de agosto, el recurrido Rivera Guerra notificó por escrito a la Comisión Estatal de Elecciones su decisión de aspirar por nominación directa al escaño que ocupa en la actualidad y solicitó tener observadores en representación de su candi-datura, en los colegios de votación del Distrito 17.
Sin embargo, reunidos en pleno los seis Comisionados que componen la Comisión Estatal de Elecciones, determi-naron unánimemente rechazar la solicitud del recurrido de contar con observadores. Así las cosas, el representante Rivera Guerra decidió acudir en Revisión ante el Tribunal de Primera Instancia (TPI) en busca de que ese foro revocara la decisión de la Comisión Estatal de Elecciones. En apoyo de su reclamo ante el TPI, Rivera Guerra alegó que su “aspiración se evidencia [ba] en la inscripción del Comité de Acción Política ante el Contralor Electoral” y que, además, “estfaba] haciendo campaña activa en los pueblos de Agua-dilla y Moca para esa posición, promoción [ando]... su can-didatura y recaudafndo] fondos”. Apéndice, pág. 11.
Por último, el representante Rivera Guerra argumentó ante el TPI que conforme al Art. 5.009 del Código Electoral de Puerto Rico para el Siglo XXI, Ley Núm. 78-2011, según *233 enmendada(1) 16 L.P.R.A. sec. 4049, le asiste el derecho a tener los observadores solicitados. Ello, porque conforme al Art. 2.003(6) del Código Electoral, 16 L.P.R.A. sec. 4003(6), él es “un aspirante por elección directa al cargo de Repre-sentante que ha realizado, y realiza actividades, recauda-ciones y eventos dirigidos a ese fin”.
Tras varios trámites procesales que incluyeron la cele-bración de una vista evidenciaría, el 31 de octubre de 2012, el TPI revocó la Resolución denegatoria de la Comisión Es-tatal de Elecciones. Concluyó el TPI que el honorable Rivera Guerra es aspirante al cargo de Representante por Distrito, por lo que tiene derecho a un observador en cada Junta de Colegio. El TPI resolvió, además, que conforme al Art. 2.003(6) del Código Electoral, supra, “no toda persona que exprese su intención de aspirar a un puesto electivo, constituye un aspirante con derecho a observadores, y que como ocurrió en el presente caso, la persona debe realizar actos afirmativos de los cuales se pueda inferir que intenta obtener la elección mediante el mecanismo de nominación directa (Write-in)”. Apéndice, pág. 38. Concluyó además el TPI, que “no es correcta en Derecho la interpretación de la Comisión Estatal de Elecciones de que el Art. 5.009 se re-fiere exclusivamente al procedimiento de primarias”. íd.
Inconforme, el Comisionado Electoral del PNP, Sr. Edwin Mundo Ríos, presentó un recurso de certiorari ante el Tribunal de Apelaciones, en el que alegó que incidió el TPI al concluir que el recurrido tiene derecho conforme al Có-digo Electoral a tener observadores y a todo beneficio que surja del mismo. Esto, porque el honorable Rivera Guerra no es considerado candidato certificado por la Comisión Es-tatal de Elecciones en un evento eleccionario.
Así las cosas, el Tribunal de Apelaciones concedió al re-currido José L. Rivera Guerra, a la Comisión Estatal de Elecciones y a los Comisionados Electorales de todos los partidos, hasta el pasado viernes 2 de noviembre de 2012 a *234 las 2:00 de la tarde, para la presentación de los correspon-dientes “escritos en oposición”. El aquí recurrido compare-ció oponiéndose a la expedición del certiorari y la Comisión Estatal de Elecciones compareció en apoyo del recurso pre-sentado por el PNP.
En esencia, la Comisión Estatal de Elecciones argu-mentó en primer lugar que el TPI le dio “una interpreta-ción contraria a lo establecido en el Código Electoral al término ‘aspirante’ ”. Además, señaló que “el [recurrido] José Luis Rivera Guerra no puede reclamar el derecho a votar mediante nominación directa toda vez que este es potestativo del elector, no de ningún candidato”. Apéndice, pág. 39.
Habiendo recibido la posición tanto del aquí recurrido como de la Comisión Estatal de Elecciones, el pasado vier-nes 2 de noviembre de 2012, el foro apelativo intermedio dictó sentencia confirmando la sentencia del TPI. Incon-forme, el sábado, 3 de noviembre de 2012, a la 1:54 de la tarde, la Comisión Estatal de Elecciones presentó ante esta Curia un recurso de certiorari en el que solicita se revoque la sentencia del Tribunal de Apelaciones. Con su recurso, la Comisión Estatal de Elecciones también nos so-licitó que de acuerdo con la Regla 28 de nuestro Regla-mento, 4 L.P.R.A. Ap. XXI-B, y en auxilio de nuestra juris-dicción, paralizáramos el efecto de la sentencia dictada por el Tribunal de Apelaciones. En su recurso, la Comisión Es-tatal de Elecciones argumentó como único error lo si-guiente:
Erró el TA al concluir que el recurrido tiene derecho a obser-vadores en los colegios electorales el día de las elecciones aun-que no es candidato. Certiorari, pág. 3.
Atendido el recurso, el mismo día expedimos el auto, paralizamos la sentencia y concedimos a las partes hasta las 10:00 de la mañana del domingo 4 de noviembre de 2012 para presentar sus correspondientes alegatos. Cum-plido el término concedido, ninguna de las partes compare- *235 ció a presentar sus respectivos alegatos. Sin más y ante la premura que se requiere por la proximidad del evento electoral, resolvemos.
II
Aunque ni el Código Electoral, ni ninguno de los reglamentos o manuales emitidos por la Comisión Estatal de Elecciones define de manera expresa lo que constituye un “observador”, el Reglamento para la Acreditación y Punciones de los Observadores que Participarán en las Juntas de Colegio en Representación de Cada Uno de los Candidatos a Representante por Distrito y Senador por Distrito en las Elecciones Generales del 6 de Noviembre de 2012, establece cuáles serán sus funciones.(2) Este reglamento dispone en su Sec. 2.4(2)(b) que la labor de estos funcionarios es la de observar los procesos y tomar notas personales, si así lo desean. No tendrán derecho a voz en los procesos y las deliberaciones del colegio. Además, “[e]n ningún momento podrán intervenir en el proceso, trabajar con el material electoral [ni] participa [r] de las controversias que puedan surgir en los colegios; de así hacerlo, tendrán que abandonar el mismo”.(3) De manera que, parafraseando expresiones del ex Juez Asociado Negrón García, los observadores no son actores sino, meramente eso, observadores.(4)
Ahora bien, una vez designada y juramentada para fungir como observador, una persona tiene el derecho y la responsabilidad de mantenerse dentro del colegio de
*236 votación durante todo el tiempo que la ciudadanía ejerce su derecho al voto, y una vez cerrados los colegios, podrá permanecer en este para observar el escrutinio “siempre que no interrumpía] o interfiería] con los trabajos electorales”.(5) De manera que el observador es una figura que, en representación de un aspirante o candidato, ocupa un lugar y espacio dentro de cada colegio de votación.
Por otro lado, el Art. 2.003(6) del Código Electoral, supra, define “aspirante” como
[t]oda aquella persona que interese obtener la nominación formal de una candidatura a un puesto electivo por un partido político. Este término incluirá a las personas que razonable-mente se pueda inferir que intentan obtener la candidatura o que realizan actividades, recaudaciones o eventos dirigidos a ese fin.
El Art. 2.003(8) define, a su vez, el término “candidato” como “[t]oda persona certificada como tal por la Comisión Estatal de Elecciones”. (Enfasis suplido). 16 L.P.R.A. sec. 4003(8). Además, y muy pertinente a la controversia que nos ocupa, el Art. 2.003(10) define el término “candidatura” como la “aspiración individual a cualquier cargo público electivo”. 16 L.P.R.A. sec. 4003(10).
Por último, el Art. 8.018 en su parte pertinente señala que “[t]odo aspirante a una candidatura para un cargo público electivo debe figurar en el Registro de Electores Afiliados del partido que corresponda y deberá pres-tar juramento ante un funcionario autorizado para tomar juramentos..”. (Énfasis suplido). 16 L.P.R.A. sec. 4128. Así también, el Art. 8.017 dispone que “[e]l Secretario expedirá una certificación de los aspirantes que hayan completado los requisitos necesarios y que figurarán en la papeleta correspondiente”. (Énfasis suplido). 16 L.P.R.A. sec. 4127.
*237 III
En el caso de autos, el Tribunal de Apelaciones determinó que al declararse candidato por nominación directa y llevar a cabo distintas actividades y acciones encaminadas a ese fin, el recurrido José L. Rivera Guerra se convirtió en un “aspirante” para efectos del Art. 5.009 del Código Electoral, supra. Al definir al recurrido como un aspirante, el foro apelativo intermedio determinó que le correspondía, según el referido Art. 5.009, el tener un observador en cada colegio de votación. El Art. 5.009 establece lo siguiente:

[Artículo 5.009]. Junta de Colegio

En cada Colegio de Votación habrá una Junta de Colegio integrada por un Inspector en Propiedad, un Inspector Su-plente y un Secretario en representación de cada partido polí-tico o candidato independiente, y un observador por cada uno de los aspirantes y candidatos a representante por distrito y senador por distrito. En el caso de un referéndum, consulta o plebiscito, los integrantes de cada Junta de Colegio serán nombrados por los directivos centrales de los partidos políticos u organizaciones que participen en dicha elección, certificada a esos efectos por la Comisión.
La Comisión proveerá mediante reglamento todo lo relativo a los formularios y procedimientos para hacer efectivo tales nombramientos.
En el caso de los Observadores, el Presidente de la Comisión con el Comisionado del Partido correspondiente se encargarán y serán los responsables de la acreditación de los mismos. Ade-más, establecerá por reglamento sus funciones. 16 L.P.R.A. sec. 4049.
En primer lugar y con relación a la aspiración del recu-rrido José L. Rivera Guerra, debemos dar por descartado lo que es evidente: este no es un “candidato” para efectos de la Ley Electoral porque no posee una certificación como tal concedida por la Comisión Estatal de Elecciones.
Ahora bien, ciertamente un asunto principal en la reso-lución de la controversia que nos ocupa es determinar si una persona puede, aun sin cumplir con la definición de *238 “candidato”, ser considerado como un “aspirante” según el Código Electoral, específicamente en su Art. 2.003(6), supra. Basado en este artículo, el foro apelativo intermedio determinó en su sentencia que el recurrido es un aspirante porque intenta obtener un puesto electivo mediante el me-canismo de nominación directa (write-in) realizando activi-dades, recaudaciones y eventos dirigidos a ese fin. Entre esas actividades el Tribunal de Apelaciones menciona con insistencia el hecho de que el recurrido consiguió la ins-cripción ante el Contralor Electoral de la agrupación polí-tica “José Luis Rivera Guerra Write In” y que mediante la presentación ante dicho organismo de toda la documenta-ción pertinente relacionada a la inscripción del Comité —incluyendo el Informe de Recaudación de Fondos— el re-currido “realizó gestiones de manera afirmativa y reitera-das conducentes a la obtención por elección directa del cargo de Representante a la Cámara”. Se equivoca el foro apelativo intermedio; nos explicamos.
El Art. 2.003(6), supra, señala claramente que “aspiran-te” en el contexto del Código Electoral es “[t]oda aquella persona que interese obtener la nominación formal de una candidatura a un puesto electivo por un partido político”. (Enfasis suplido). Como vimos anteriormente el término “candidatura” es definido expresamente por el propio Art. 2.003(10), supra, como una “aspiración individual a cual-quier cargo público electivo”. (Enfasis suplido). De manera que es claro que el inciso (6) del Art. 2.003 se refiere, no a personas que aspiran a ocupar un escaño o puesto electivo, sino a aquellas personas que aspiran a conseguir la nomi-nación para competir en las elecciones generales a ese es-caño o puesto electivo. Como bien señala la Comisión Es-tatal de Elecciones en su recurso:
Nuestro sistema electoral dispone que para poder celebrar unas elecciones generales se requiere el cumplimiento de unos mecanismos previos tanto a los partidos políticos como a los electores. Los partidos tienen derecho a postular “candidatos” a las distintas posiciones electivas y para ello tienen disponi- *239 ble el mecanismo de primarias y el de sección alterna dentro de ciertas fechas. Los electores que aspiran a ser considerados como los “candidatos” de su partido a esos puestos electivos tienen a su vez que cumplir dentro de ciertas fechas límites con unos requisitos básicos para poder participar en cual-quiera de los dos mecanismos antes mencionados. De aquí surge que sean llamados aspirantes, porque aspiran a una candidatura.(6) (Énfasis en el original). Certiorari, pág. 4.
La definición, que aparece en el Art. 1.003(4) de la Ley Electoral de 2004, Ley Núm. 4 de 20 de diciembre de 1977, según enmendada, señala lo siguiente:
Candidato— Significará toda persona que figure como aspi-rante a un cargo público electivo por un partido político en la papeleta de una elección y hasta noventa (90) días después de celebrada la misma. Cuando se use el término candidato para procedimientos previos a la nominación formal por un partido político, se entenderá que significa “aspirante”. 16 L.P.R.A. sec. 3003(4).
Claro está, no todos los candidatos certificados por la Comisión Estatal de Elecciones aspiran bajo la insignia de un partido. Tal es el caso de aquellos ciudadanos que no desean someterse a la reglamentación de partido alguno y optan por presentar su candidatura como “candidatos independientes”.(7) Sin embargo, y distinto a una persona que pretende postularse por nominación directa, la persona que aspira a convertirse en candidato independiente necesita cumplir con la presentación de una cantidad de endosos, si es que desea agenciarse tal candidatura.(8)
En vista de todo lo anterior, sea que una persona aspire a ser nominado bajo la insignia de un partido o que aspire a una candidatura como candidato independiente, nos me-rece toda deferencia la interpretación que del término “as- *240 pirante” hace la Comisión Estatal de Elecciones. Entende-mos que la misma es razonable en el contexto del Art. 5.009 del Código Electoral, supra. Por lo tanto, erró el Tribunal de Apelaciones al considerar al recurrido José L. Rivera Guerra como un aspirante para efectos del Art. 5.009, supra, y confirmar así la sentencia del TPI.
Por otro lado, en Puerto Rico, el Código Electoral reconoce al ciudadano un derecho a votar por cualquier persona mediante nominación directa (write-in). Así surge claramente del Art. 6.001(3) del Código Electoral, 16 L.P.R.A. sec. 4061(3), el cual señala en su parte pertinente:
Artículo 6.001. — Derechos y prerrogativas de los Electores.—
Reconocemos como válidos y esenciales los siguientes dere-chos y prerrogativas a los efectos de garantizar el libre ejerci-cio de la franquicia electoral, así como lograr la más clara expresión de la voluntad del pueblo:
1....
2....
3. El derecho del elector al voto íntegro, el voto mixto, al voto por candidatura y a la nominación directa de personas a cargos públicos electivos...
Sin embargo, ni nuestra Constitución ni nuestro Código Electoral otorgan un derecho a una persona a participar o competir en una elección general como candidato por nomi-nación directa. De hecho, existen jurisdicciones en las que los ciudadanos no tienen siquiera derecho a votar por una persona por nominación directa, y tal prohibición se ha sos-tenido ante ataques de naturaleza constitucional de viola-ción a la Primera y Decimocuarta Enmienda de la Carta de Derechos de la Constitución de Estados Unidos.(9)
De manera que en nuestra jurisdicción, un ciudadano tiene derecho a “votar por” pero no a “aspirar como” candidato write-in en una elección general. Por lo tanto, *241 si una persona, como en el caso de autos, no puede siquiera reclamar como un derecho aspirar por nominación directa a la misma posición que hoy ocupa, mucho menos puede esperar tener derecho a que representantes de “su candi-datura” actúen como observadores del proceso.
Resolver lo contrario sería en detrimento de la justicia y abriría una puerta peligrosa. Por eso los Arts. 8.017 y 8.018, supra, establecen requisitos de sustancia y de forma. No puede ser que todo ciudadano que tenga una aspiración a un cargo público electivo, y así lo manifieste con toda fuerza, pasión, y haciendo incluso actos afirmati-vos hacia ese fin, pretenda —por noble que sean sus inten-ciones— que tal acción le conceda el derecho de recibir los beneficios que recibe un candidato formal. Tal pretensión ciertamente sería una burla a todos aquellos que, some-tiéndose a un proceso y escrutinio, les fue concedida por el organismo establecido por el legislador, la certificación que acredita tal esfuerzo.
IV
Por los fundamentos antes expuestos, se revocan las sentencias de los foros “a quo”.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Estrella Martínez emitió una opinión de conformidad, a la cual se unieron los Jueces Asociados Señores Martínez Torres, Rivera García y Feli-berti Cintrón. El Juez Presidente Señor Hernández Den-ton emitió una opinión disidente, a la cual se unieron la Jueza Asociada Señora Fiol Matta y la Juez Asociada Se-ñora Rodríguez Rodríguez. La Jueza Asociada Señora Fiol Matta emitió una opinión disidente, a la cual se unieron el Juez Presidente Señor Hernández Denton y la Juez Aso-ciada Señora Rodríguez Rodríguez.
*242 — O —

 16 L.P.R.A. sec. 4001 et seq.

 Reglamento para la Acreditación y Funciones de los Observadores que Par-ticiparán en las Juntas de Colegio en Representación de Cada Uno de los Candidatos a Representante por Distrito y Senador por Distrito en las Elecciones Generales del 6 de Noviembre de 2012, Comisión Estatal de Elecciones, 20 de septiembre de 2012, Sec. 2.4(2)(b), pág. 5.

 Íd.

 Sánchez Colón v. E.L.A. I, 134 D.P.R. 445, 452 (1993), opinión disidente y concurrente del Juez Asociado Señor Negrón García.

 Reglamento para la Acreditación y Funciones de los Observadores que Par-ticiparán en las Juntas de Colegio en Representación de Cada Uno de los Candidatos a Representante por Distrito y Senador por Distrito en las Elecciones Generales del 6 de Noviembre de 2012, supra, Sec. 2.4(1)(b), pág. 4.

 Estas personas tienen que cumplir con el Art. 8.001 del Código Electoral, 16 L.P.R.A. sec. 4111.

 El Art. 2.003(9) define “candidato independiente” como “[t]oda persona que sin haber sido nominada formalmente por un partido político figure como candidato a un cargo público electivo en la papeleta electoral, conforme a las disposiciones [de esta ley]”. 16 L.P.R.A. sec. 4003(9).

 Art. 8.012(2) del Código Electoral, 16 L.P.R.A. sec. 4122(2).

 Véase Burdick v. Takushi, 504 U.S. 428 (1992).